**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TAD HYDE,**

      **Petitioner,**

      **v.**

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**


      **Respondent.**

                            **CASE NO. 2:14-CV-02725
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the Petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties.  For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.  This action is **DISMISSED**.

**I.**

The Ohio Second District Court of Appeals summarized the facts and procedural history of this case as follows:

> Hyde's charges stem from the robberies of two different Rite Aid stores on June 11 and 14, 2012, respectively, in Springfield, Ohio. On June 14, 2012, Hyde was arrested and charged with the robbery committed that day. After further investigation by the police, Hyde was charged on June 20 with the June 11 robbery.
>
> On June 25, 2012, Hyde was indicted on the June 14 robbery; he was served with the indictment on the following day.  Case No. 12–CR–443. At his arraignment, the court set bond at $25,000; he remained in jail in lieu of bond. On July 2, 2012, Hyde was indicted for the robbery committed on June 11, 2012. Case No. 12–CR–455.  Hyde was arraigned on July 5, 2012, and bond was set at $35,000. Hyde was not released on bond.

On October 11, 2012, Hyde moved to dismiss both actions on the ground that his speedy trial rights were violated. On October 16, 2012, the State moved to consolidate the two cases, pursuant to Crim. R. 13. After a hearing on October 17, the motion to dismiss was denied, and the motion to consolidate was granted.

On October 22, 2012, Hyde entered pleas of not guilty and not guilty by reason of insanity, and he requested an evaluation of his mental condition both at the present time and at the time of the charged offenses. On November 6, 2012, the trial court sustained the motion for a competency evaluation and ordered an evaluation. A competency review hearing was scheduled for December 13, 2012.  On the day of the hearing, Hyde requested a continuance so that he could call witnesses. The matter was continued until February 25, 2013, at which time a hearing was held. On March 4, 2013, Hyde moved for a second evaluation of his mental condition at the time of the alleged offense. Hyde withdrew that motion on March 7, 2013.

On April 9, 2013, the day of Hyde's scheduled trial, Hyde again moved to dismiss on speedy trial grounds. He also moved for relief from the consolidation of the two actions and for his counsel to withdraw. The trial court overruled Hyde's motions and also filed an entry finding him competent to stand trial. Later that day, Hyde withdrew his former plea and pled no contest to robbery in Case No. 12–CR–443. Pursuant to the plea, the robbery charge in Case No. 12–CR–455 was dismissed. Hyde was sentenced accordingly.

Hyde appeals from his conviction in Case No. 12–CR–443. His sole assignment of error states that "trial court committed plain error by not dismissing both indictments against Mr. Hyde, due to violation of his speedy trial rights."

*State v. Hyde*, No. 2013 CA 41, 2014 WL 1338790, at *1-2 (Ohio Ct. App. 2d Dist. March 28, 2014).  On March 28, 2014, the appellate court affirmed the judgment of the trial court, but remanded the case to the trial court for the limited purpose of correcting the judgment entry to reflect that Hyde entered a plea of no contest, rather than a plea of guilty.  *Id.*  On April 18, 2014, Petitioner filed an Application for Reconsideration Pursuant to Appellate Rule 26(A).  (ECF No. 7-1, PageID# 200.)  He asserted that his appellate attorney should have argued that "he was not provided a preliminary hearing within the time periods specified in Crim. R. 5(B) and R.C.

2

2945.71 . . . the two robbery offenses should have been raised in a single indictment because evidence from one robbery provided probable cause for the other robbery; . . .[he] was not being held on previously imposed sentences, and thus he was being held only on 'pending charges' for speedy trial purposes; and . . . the one-month delay in his competency hearing should have been charged against the State, and the triple-count provision should have applied after the two robbery cases were consolidated."  (ECF No. 7-1, PageID# 229-30.)  The appellate court considered Petitioner's application for reconsideration which the Court construed as an application under Ohio Appellate Rule 26(B),[1] and on June 30, 2014, denied the application. (PageID# 228.)  Petitioner filed a timely appeal.  (PageID# 234.)  He asserted as follows:

> 1.  The trial court committed plain error by not dismissing both indictments maintained against Mr. Hyde as violative of his speedy trial rights.  Mr. Hyde was prejudiced by unnecessary prosecutorial and judicial delays which denied Mr. Hyde protection of speedy trial.  R.C. 2945.71(E).
>
> 2.  A defendant charged with multiple related offenses in the same jurisdiction is entitled to the protection of the triple-count provision of R.C. 2945.71(E).  Argument:  A defendant being held on more than one pending charge is el[igible] for the triple count provision.

---

[1] The appellate court identified the issue this way:

> Although couched as an application for reconsideration, Hyde acknowledges that he "is not attempting to reargue this Court's previous holding" and "is simply taking an approach to arguments that should have been raised" on appeal.  In other words, Hyde has neither identified any obvious error in our decision nor raised an issue that we should have addressed, based on counsel's brief, but did not.  Hyde's arguments are not properly raised in an application for reconsideration.
>
> Hyde's application is more properly considered an application for reopening, pursuant to App.R. 26(B).  When seeking to reopen a direct appeal, the defendant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal."

Decision and Entry (ECF No. 7-1, PageID# 230.)

> 3. A defendant charged with multiple related offenses in the same jurisdiction is entitled to timely consolidation of separate indictments under a single case to preserve the g[u]arantee of a speedy trial for each crime.

(PageID# 240.)  On January 28, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B) (4). *State v. Hyde*, 141 Ohio St.3d 1454 (Ohio 2015).

Thereafter, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that he was convicted in violation of his right to due process and right to a speedy trial because the State failed to comply with the mandatory statutory requirements set forth in O.R.C. § 2945.73 and failed to dismiss both indictments against him (claim one); denied him a hearing under *Gerstein v. Pugh*, 420 U.S. 103 (1975),[2]  and a timely preliminary hearing (claim two); denied him a speedy trial under O.R.C. 2945.71(E), Ohio's "triple count" provision (claim three); and denied him a speedy trial under Ohio law because it failed to timely consolidate the charges against him (claim four).  *See* Memorandum of Law in Support of Petitioner's 'Writ of Habeas Corpus,' Pursuant to 28 U.S.C.S. & 2254 (ECF No. 2.)  It is the position of the Respondent that Petitioner's claims are procedurally defaulted, fail to present issues cognizable for federal habeas corpus relief, and are without merit.

## II.

Before addressing the merits of any claims, the Court disposes of Petitioner's claims that are either procedurally defaulted or not cognizable in habeas.  The Court turns first to claim two and then to claims three and four.

---

[2] In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention[.]"

4

### A. Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 724; *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error.  *Id.* "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman,* 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id.* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107, 135 (1892)).  Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same).  The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

In claim two, Petitioner asserts that the State unconstitutionally failed to provide him with a timely preliminary hearing, in violation of *Gerstein* 420 U.S. at 103 and Ohio Criminal Rules of Procedure.  Petitioner never presented a claim under *Gerstein* to the Ohio courts.  He also

failed to raise any issue regarding the denial of a timely preliminary hearing on direct appeal. He may now no longer do so by operation of Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default. Although Petitioner attempted to raise a claim regarding the denial of a timely preliminary hearing in his motion for reconsideration, the state appellate court held that the issue was not properly addressed in a motion under Rule 26(A), and therefore considered the claim only in the context of the denial of the effective assistance of appellate counsel under Ohio Appellate Rule 26(B).

Ohio's doctrine of *res judicata* is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman,* 501 U.S. at 732–33. To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour* v. *Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir.

2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Therefore, Petitioner has procedurally defaulted claim two. He may still secure review of this claim on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003).

As cause for his procedural default, Petitioner asserts the denial of the effective assistance of counsel. *See Reply* (ECF No. 8.) Constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). Here, however, Petitioner never presented a claim to the state courts regarding the denial of effective assistance of counsel based on his attorney's failure to raise a claim under *Gerstein.* Thus, he has procedurally defaulted his claim of the denial of the effective assistance of counsel by failing to present such

claim to the Ohio Supreme Court.  The denial of the effective assistance of counsel therefore cannot constitute cause for Petitioner's procedural default of claim two.

The Court notes that Petitioner likewise has failed to establish prejudice from his attorney's failure to raise an issue regarding the denial of a timely preliminary hearing.  The state appellate court held in this regard:

> Hyde has not presented a colorable claim that his conviction is invalid due to the court's failure to provide a timely preliminary hearing.  Crim. R. 5(B) requires the trial court to provide a preliminary hearing within 10 days of arrest or service of summons if the defendant is in custody, or 15 days following arrest or service of summons if the defendant is not in custody.  Even assuming that the initial charges should have been dismissed due [to] the lack of a timely preliminary hearing, the dismissal would not have barred further criminal proceedings based on the robberies.  *State v. Bonarrigo*, 62 Ohio St.2d 7, 12, 402 N.E.2d 530 (1980).  A valid indictment may be returned after dismissal of felony charges for failure to provide a timely preliminary hearing.  *Id*.  Hyde was indicted on June 25, 2012, and July 2, 2012, for the June 14 and June 11 robberies, respectively.  Hyde has not presented a colorable claim that the alleged failure to provide a timely preliminary hearing was prejudicial.

*Decision and Entry* (ECF No. 7-1, PageID# 231.)

Petitioner has procedurally defaulted claim two.

## B.  State Law Claims

In claim three, Petitioner asserts that he was denied his right to a speedy trial under O.R.C. § 2945.71(E), Ohio's "triple-count" provision.  In claim four, Petitioner asserts that he was denied his right to a speedy trial because the State failed to timely consolidate the charges against him.  These claims raise issues regarding the alleged violation of state law only, and therefore fail to provide a basis for federal habeas corpus relief.  A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States.  18 U.S.C. § 2254(a).  A

federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Such are not the circumstances here.

Claims three and four fail to provide a basis for habeas relief.

## III.

The Court turns now to the merits of Petitioner's remaining claim as set out in claim one. Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, ⸺ U.S. ⸺, ⸺, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . .  imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e) (1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

"Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d) (1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d) (2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit recently explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d) (1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith,* 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d) (1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir.2009) ("'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.'"  (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d) (1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster*, 563 U.S. at 181. Put simply, "review under § 2254(d) (1) focuses on what a state court knew and did." *Id*. at 182.

In claim one, Petitioner asserts that he was denied the right to a speedy trial.  Respondent argues, preliminarily, that Petitioner failed to present this issue to the state courts as one of federal constitutional magnitude and that he therefore has waived his federal claim for review in these proceedings.

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each constitutional claim to the state courts as a federal constitutional claim.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Although the fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is rooted in principles of federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment.  In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways:  (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement.  *Id*.

Petitioner asserted on direct appeal that he had been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution.  He referred to *United States v. Ewell*, 383 U.S. 116, 120 (1966), *United States v. Marion*, 404 U.S. 307 (1971), and *Barker v. Wingo*, 407 U.S. 514, 523 (1972) in support of his claim.  These are United States Supreme

13

Court cases addressing the constitutional right to a speedy trial.  He did not, however, make any arguments regarding the application of federal speedy trial law to his case or refer to state law cases employing federal constitutional analysis in support of his claim.  Instead, he raised the claim in terms of the alleged violation of state law.  *See* Brief on Behalf of Defendant-Appellant (ECF No. 7-1, PageID# 139-146); Reply Brief on Behalf of Appellant, Tad Hyde (ECF No. 7-1, PageID# 160-164.)  The state appellate court likewise addressed the claim in terms of the alleged violation of state law only:

> Hyde appeals from his conviction in Case No. 12–CR–443. His sole assignment of error states that "trial court committed plain error by not dismissing both indictments against Mr. Hyde, due to violation of his speedy trial rights."
>
> The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial" provided in the United States and Ohio Constitutions. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). Accordingly, that statute must be strictly construed against the State. *Id*.
>
> A defendant can establish a *prima facie* case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007–Ohio–4549, ¶ 15. "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. 2945.73." *Id*.
>
> Under R.C. 2945.71(C) (2), the State must bring a felony defendant to trial within 270 days of arrest. "Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three, pursuant to the triple-count provision of R.C. 2945.71(E). This 'triple-count' provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial." (Citation omitted.) *State v. Dankworth*, 172 Ohio App.3d 159, 2007–Ohio–2588, 873 N.E .2d

902, ¶ 31 (2d Dist.).  However, an accused is only entitled to the triple-count provision when he or she is held in jail solely on the pending charge. *State v. Kaiser*, 56 Ohio St.2d 29, 381 N.E.2d 633 (1978), paragraph two of the syllabus.

In addition, the time within which a defendant must be brought to trial may be extended for the reasons specifically enumerated in R.C. 2945.72.  *State v. Brewer*, 2d Dist. Montgomery Nos. 22159, 22160, 2008–Ohio–2715, ¶ 37, citing *State v. Palmer*, 84 Ohio St.3d 103, 702 N.E.2d 72 (1998). Permissible reasons for extending the trial date include "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," R.C. 2945 .72(E), and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," R.C. 2945.72(H).

Hyde argues that the triple-count provision applied throughout his case, because the State knew of the June 11, 2012 robbery at the time he was charged with the June 14, 2012 robbery.

The Supreme Court of Ohio has held:  "When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."  *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027 (1989). However, "in issuing a subsequent indictment, the state is not subject to the speedy trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." (Emphasis added.) *State v. Baker*, 78 Ohio St.3d 108, 111, 676 N.E.2d 883 (1997).

We have interpreted this authority to mean that "[a]dditional crimes based on different facts should not be considered as arising from the same sequence of events for the purpose of speedy trial computation."  *State v. Matthews*, 2d Dist. Montgomery No. 23953, 2011–Ohio–2067, ¶ 14, citing *Baker*. "[I]f the facts of the offenses in multiple indictments are truly different—i.e, they arise from different circumstances, require different evidence, and are otherwise distinguishable in a significant way—the State is permitted to charge them separately even if all of the facts are known to the [S]tate when the initial indictment is filed."  *State v. Jones*, 2d Dist. Montgomery No. 21974, 2008–Ohio–1603, ¶ 10.

In this case, Hyde was charged with committing robberies at two different Rite Aid locations on different days in June 2012. According to the record, at approximately 9:30 a.m. on June 11, 2012, an individual entered a Rite Aid on South Limestone Street in Springfield and demanded cash and drugs from the pharmacists. The man was given the cash and drugs, and he left the store; the police had no suspects at that time. On June 14, 2012, an individual entered a Rite Aid on West North Street in Springfield and committed a similar crime. In both robberies, the perpetrator wore a "hoodie" to cover his face, put his hand inside the pocket of his sweatshirt, acted as though he had a gun as he approached the clerks, and demanded cash and a particular medication (Percocet) from them. Hyde was apprehended shortly after committing the June 14 robbery.

Several days after Hyde was arrested, the detective assigned to the case reviewed the surveillance video from the June 11 robbery. The detective concluded that Hyde had committed both robberies and, on June 20, 2012, Hyde was charged with the June 11 robbery. As stated above, Hyde was indicted on the June 14 robbery on June 25, 2012, and on the June 11 robbery on July 2, 2012.

When Hyde was indicted on the June 14 robbery, the State knew of Hyde's alleged involvement in both the June 11 and June 14 robberies and Hyde had been charged with both robberies. However, the robberies were committed at separate locations on different dates. Hyde's methodology was the same, but the witnesses and evidence at the two locations were likely to be different. In our view, the two robberies were distinct in significant ways and did not constitute a single "pending charge" for purposes of the speedy trial statute. Accordingly, after Hyde was detained for both the June 11 and June 14 robberies, he was not entitled to the triple-count provision of R.C. 2945.71(E).

Hyde was arrested on June 14, 2012. From June 15 to June 20, 2012, he was being held solely for the June 14 robbery. Accordingly, he was entitled to the triple-count provision for those six days of confinement. However, from June 21, 2012 until he pled no contest, he was being held on multiple charges—the June 11 and the June 14 robberies. Accordingly, those days (minus the days that his speedy trial time was tolled due to motions he filed) were counted on a one-to-one basis. Counted in this manner, and considering periods of delay necessitated by Hyde's motions,

16

Hyde's speedy trial time for the June 14 robbery had not expired when he entered his no contest plea on April 9, 2013.

Hyde's assignment of error is overruled.

*State v. Hyde*, 2014 WL 1338790, at *2-4.

It does not appear that Petitioner fairly presented a federal constitutional claim regarding the denial of the right to a speedy trial to the state courts. *See, e.g., Foster v. Warden, Lebanon Corr. Inst.,* No. 1:10-cv-425, 2011 WL 7552411, at *6 (S.D. Ohio Sept. 6, 2011) (general references to *Klopfer v. North Carolina,* 386 U.S. 213 (1967), which held that the Sixth Amendment right to a speedy trial applies to the States, as well as references to the Sixth and Fourteenth Amendments did not adequately alert the state courts to the constitutional nature of claim); *Kerby v. Brunsman*, No. 3:08cv287, 2011 WL 3566121 (S.D. Ohio April 28, 2011) (where appellate brief restricted its scope, leading the state appellate court to address the claim solely in terms of state law, the petitioner did not fairly present a federal speedy trial claim to the state courts):

> Despite recognizing that states "are free to prescribe a reasonable period consistent with constitutional standards" for commencing criminal trials, the United States Supreme Court has found explicitly that there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Barker,* 407 U.S. at 523. Accordingly, by pursuing his claims under the "State Speedy Trial right" provided by Ohio Rev.Code § 2945.71 rather than relying on the enumerated factors relevant to the federal constitutional speedy trial guarantee—i.e., length of delay, reason for delay, defendant's assertion of right, and prejudice to defendant, *Barker,* 407 U.S. at 530—[the petitioner] failed to advance any substantive federal constitutional issue on speedy trial grounds.

*Kerby*, 2011 WL 3566121 at *10. "A petitioner has not fairly presented his claim merely because the facts necessary to support a federal constitutional claim are present or because the constitutional claim appears to be self-evident." *Kelly v. Wilson*, No. 1:07CV2856, 2009 WL

185947, at *9 (N.D. Ohio Jan. 26, 2009) (citing *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983) (speedy trial claim rooted solely in Ohio's speedy trial statute does not fairly present a federal claim to the state courts); *Heft v. Warden, Madison Corr. Inst.*, No. 2:11-CV-103, 2012 WL 1902467, at *12 (S.D. Ohio May 25, 2012) (a denial of Ohio's speedy trial statute does not necessarily implicate the denial of the federal constitutional right to a speedy trial). Further, as previously discussed, to the extent that Petitioner argues that the State violated Ohio's speedy trial law, such claim fails to present a basis for relief. 28 U.S.C. § 2254(a).

Even assuming, however, that Petitioner's federal claim may be properly addressed in these proceedings, the record nonetheless reflects that such claim does not warrant relief. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial." U.S. Const. amend. VI. "The Supreme Court has stated that the Sixth Amendment's speedy trial guarantee is 'an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" *Bennett v. Warden, Marion Correctional Inst.*, 782 F. Supp. 2d 466, 479 (S.D. Ohio 2011) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)). The protection of the Sixth Amendment is activated "only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *Marion*, 404 U.S. at 313. The Supreme Court has recognized that the constitutional right to a speedy trial permits some delays depending on the circumstances of each case, and cannot "be quantified into a specified number of days or months." *Bennett*, 782 F. Supp. 2d at 480 (quoting *Barker v. Wingo*, 407 U.S. 514, 521-23 (1972)). In *Barker*, the Supreme Court held that a review court should conduct a "balancing test" to determine whether a criminal defendant has been denied the right

to a speedy trial, considering the following four factors:  the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, at 530 (footnote omitted).  The length of the delay is "a triggering mechanism." *Id*.  "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id*.  "The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier." *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005) (citations omitted).  "A delay approaching one year is presumptively prejudicial and triggers application of the remaining three factors." *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992)).

Here, Petitioner was arrested on June 14, 2012.  Approximately ten months later, on April 9, 2013, he entered his no contest plea.  This Court will therefore consider the remaining factors of the *Barker* balancing test.

The factual findings of the state appellate court indicate that, although on October 11, 2012, Petitioner filed a motion to dismiss the charges against him on speedy trial grounds, on October 22, 2012, he thereafter requested a competency evaluation.  On November 6, 2012, the trial court granted the request.  The competency hearing was scheduled to take place on December 13, 2012, but the trial court granted Petitioner's request for a continuance of the hearing, until February 25, 2013.  On March 4, 2013, Petitioner moved for a second evaluation.  On March 7, 2013, he withdrew that request.  Shortly thereafter, on April 9, 2013, he pleaded no contest.  See *State v. Hyde*, 2014 WL 1338790, at *1.

"Not all delays are susceptible to equal blame." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (citing *Barker*, 407 U.S. at 531).

> Governmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the

19

government. *See id.; see also United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (harassment is an improper reason for delay); *United States v. White*, 985 F.2d 271, 275 (6th Cir.1993) ("Delays intended to secure a tactical advantage weigh heavily against the government."). "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker,* 407 U.S. at 531, 92 S.Ct. 2182; *see also Strunk v. United States*, 412 U.S. 434, 436, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) (understaffed prosecutor's office is a neutral reason for delay). A "valid reason" for a delay, such as an unavailable witness, weighs in favor of the government. *See Barker*, 407 U.S. at 531, 92 S.Ct. 2182; see also *United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir.) ("Valid reasons for delaying a trial are weighted in favor of the Government."), cert. denied, 525 U.S. 850, 119 S.Ct. 124, 142 L.Ed.2d 100 (1998); *Takacs v. Engle*, 768 F.2d 122, 128 (6th Cir.1985) (explaining that a valid delay "weighs in favor of the government"). Finally, it should be noted that the second *Barker* factor "is not a search for a blameless party," *Wilson v. Mitchell*, 250 F.3d 388, 395 (6th Cir.2001); instead, the concern is with "whether the government or the criminal defendant is more to blame for [the] delay." *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686.

*Id*. at 553-54.

The record fails to reflect that the delay in bringing Petitioner to trial was motivated either by bad faith on the part of the government or the desire to seek a tactical advantage. To the contrary, the delay in bringing the Petitioner to trial appears to have been caused by Petitioner's own request for a continuance in order to obtain a competency evaluation so as to assist him in the preparation of a defense. *See United States v. Marchbanks*, 631 F. App'x 386, 2015 WL 7787453, at *3 (6th Cir. Dec. 4, 2015) (defendant's filing of a motion to continue and request for competency examination after moving for dismissal on speedy trial grounds did not reflect "actions of a defendant diligently asserting his right to a speedy trial.") (citing *Barker*, at 532). Accordingly, the reasons for the delay do not support a Sixth Amendment violation.

The last factor of the *Barker* test likewise does not support a finding of a violation of the Sixth Amendment.  Under the last *Barker* factor, the Court reviews "speedy-trial claims for three types of prejudice to a defendant: oppressive pretrial confinement, excessive anxiety and concern, and the possibility of an impaired defense—the last being the most important." *Marchbanks*, 2015 WL 778453, at *3 (citing *United States v. Bass*, 460 F.3d 830, 837 (6th Cir. 2006)).  The record does not bear out these concerns.  Petitioner does not allege that his defense was impaired by the delay in bringing him to trial.  To the contrary, the record reflects that Petitioner's request for a competency evaluation, which assisted him in the preparation of a defense, necessarily delayed the State's ability to bring him to trial more promptly.

In sum, upon consideration of the factors set forth under *Barker,* the Court is not persuaded that Petitioner has established the denial of the right to a speedy trial under the Sixth Amendment.

Claim one fails to provide a basis for relief.

### IV.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**


   **/s/   GREGORY L. FROST**
GREGORY L. FROST
United States District Judge